Kenneth R. HAFER, Russell D. Gilmore, William C. Jakeman, James B. Schmidt, and Douglas W. Brown, Plaintiffs,

v.

The AIR LINE PILOTS ASSOCIATION, INTERNATIONAL; Council 65, the Air Line Pilots Association, International; and Hawaiian Airlines; Defendants.

Civ. No. 80–0515.

United States District Court, D. Hawaii.

Nov. 6, 1981.

Eric A. Seitz, Honolulu, Hawaii, for plaintiffs.

Gary Green, Washington, D. C., Kenneth A. Ross, Herbert R. Takahashi, Honolulu, Hawaii, W. Daniel Clinton, Emeryville, Cal., for defendants.

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

HEEN, District Judge.

Plaintiffs have brought this action alleging jurisdiction under 28 U.S.C. §§ 1331 and 1337, and 45 U.S.C. § 151 *et seq.* (The Railway Labor Act). Plaintiffs Hafer, Gilmore, Jakeman and Schmidt are airline pilots who, at the time of the filing of this action, were employed by Defendant Hawaiian Airlines (hereafter Hawaiian) and residents of Hawaii. Plaintiff Brown is an airline pilot residing in the state of Georgia. By First Amended Complaint, Robert L. Evert was joined as Plaintiff. Evert is an airline pilot and a resident of the state of Florida. Plaintiffs are employees as defined in 45 U.S.C. §§ 151, 182.

Defendant Hawaiian Airlines is a Hawaii corporation and a "common carrier by air" as defined by the Railway Labor Act, 45 U.S.C. §§ 151, 181.

Defendant Air Line Pilots Association, International, is a labor organization within the meaning of 45 U.S.C. §§ 151, 182. Defendant Council 65, Air Line Pilots Association, International, is an administrative subdivision of the Air Line Pilots Association, International. (Hereafter these two Defendants will be referred to as ALPA.)

Alleging a concert of action among the Defendants in violation of the contract rights of Plaintiffs, the complaint prays: 1) for judgment that Plaintiffs' contractual rights were violated when their employment was terminated by Hawaiian without provision for furlough and continued placement upon a Hawaiian Airlines seniority list; 2) a judgment against Defendants ALPA, that said Defendants violated their duty to fairly and fully represent Plaintiffs; 3) an injunction requiring Plaintiffs to be restored to their correct positions on the Hawaiian Airlines seniority list; 4) general damages; 5) lost wages and other specific damages; 6) costs of suit and attorneys' fees.

All parties have filed Cross Motions for Summary Judgment.

Plaintiffs' Motion for Summary Judgment is based upon their claim that when they were hired by Hawaiian one of the terms of their employment was that each of them would serve a one-year probationary period. Completion of this probationary period would entitle Plaintiffs to be furloughed rather than terminated and to certain seniority and rehiring rights. Plaintiffs claim Defendants deprived them of these rights in a subsequent collective bargaining agreement. Under Plaintiffs' theory of the case whether or not the one-year probationary period was a term of employment is a material fact. Plaintiffs' allegation is categorically denied by Defendants. The documents, affidavits and depositions clearly indicate that this is a genuine issue of material fact. For this reason, Plaintiffs' motion is *DENIED.*

The Court has determined that Plaintiffs' action is barred by the Statute of Limitations,[1] therefore, the facts will be discussed only with respect to that issue which is raised in the motions of ALPA and Hawaiian.

Plaintiffs were employed by Hawaiian Airlines on or about September 28, 1976, to fly mainland cargo for a military contract acquired by Hawaiian Airlines. The military contract was for a period of one year. This operation was based in the state of Georgia. At that time ALPA was not aware of the hiring and was not consulted.[2]

At the time the military contract operation began, ALPA was the collective bargaining representative for pilots and flight crew members employed by Hawaiian. On October 5, 1976, ALPA president, J. J. O'Donnell wrote to the president of Hawaiian asking to reopen the existing contract for the purpose of making changes necessitated by the military contract. Initially, Hawaiian resisted such negotiations on the basis that the collective bargaining agreement covered only Hawaiian's interisland operation.[3] Subsequently, however, Hawaiian apparently became convinced that, even if the collective bargaining agreement did not cover the Georgia operation, ALPA nonetheless was the collective bargaining representative for its pilots and flight crew members under the Railway Labor Act, and the parties did negotiate. As a result of the negotiations, a supplemental agreement was executed between the Defendants which provided for a probationary period ending on October 2, 1977, or 365 days after hire, whichever came later. In January, 1977, Richard F. Moloney, chairman of ALPA's Hawaiian Airlines pilot group traveled to Georgia where he explained the contract terms to the pilots. In March or April of 1977, several of the Hawaiian Airlines pilots affected by the supplemental agreement including some of the Plaintiffs in the instant case filed a grievance under that supplemental agreement complaining of the position given them on the seniority list. This grievance was denied in June, 1977.

On or about September 30, 1977, Hawaiian's military contract was terminated by its terms and was not renewed. All Plaintiffs were immediately terminated. Since they had not worked long enough to fulfill the probationary provision of the supplemental agreement, they were ineligible for furlough and seniority rehiring status.

Several months later Hawaiian resumed its mainland cargo operation and several of the terminated pilots, including these Plaintiffs, were offered new employment. The pilots were treated as new hires for contract purposes, were not rehired in order of seniority, and were not given seniority credit for the time previously spent working for Hawaiian in Georgia.

This action was filed September 24, 1980.

The Railway Labor Act does not contain a Statute of Limitations provision. Therefore, we must look to Hawaii law to determine the applicable period of limitation. And where it appears that the State has more than one statute that may be applicable to a case, this Court must apply the

---

1. Hawaii Revised Statutes, Section 657–11 reads:

 "Recoveries authorized by federal statute. Whenever any federal statute provides for an imposition of a civil penalty or liquidated damages or imposes a new liability or enlarges any existing liability and the statute does not specify the period within which suit to recover the penalty, liquidated damages, or any sum arising out of any new or enlarged liability may be brought, the suit, if brought in a state court, shall be commenced within one year from the date the cause of action arises or be thereafter barred."

2. In fact, Hawaiian had unilaterally decided that its military contract operation was not covered by the terms of its existing collective bargaining agreement with ALPA. Plaintiffs maintain that it was at the time of this original employment that they were given to believe that their employment was subject to the one-year probationary period. The validity of this belief is contradicted by the written outline of crew flight pay and benefits distributed to the Plaintiffs and others employed at that time. A determination of that question, however, is not material to this Court's decision.

3. This question was submitted to arbitration and Hawaiian Airlines' position was upheld.

statute which the State would enforce if an action seeking similar relief had been brought in State Court. *Sotomura v. County of Hawaii*, 402 F.Supp. 95 (D.Hawaii 1975).

■ Plaintiffs contend that the applicable statute of limitations is either Section 657–1 or 657–4, Hawaii Revised Statutes, both of which provide for a limitation period of six years.[4] Defendants contend the applicable statute to be H.R.S. § 657–11, with a limitation period of one year. The choice of the appropriate statute depends upon the proper characterization of the cause of action by this Court. *Price v. Southern Pacific Transportation Company*, 586 F.2d 750 (9th Cir. 1978). Plaintiffs would have the Court apply the Hawaii statute relating to contracts and personal actions. Plaintiffs' position is untenable, however, in view of the fact that the very thrust of the complaint is ALPA's violation of its duty of fair representation under the Railway Labor Act, and Hawaiian's active and knowing participation in that violation.

In *Sotomura, supra,* Judge Dick Yin Wong analyzed H.R.S. § 657–11 and held that the statute's scope was intended to be limited to actions for recovery of penalties and liquidated damages provided in federal statutes. His analysis, however, did not touch upon the language "imposes a new liability or enlarges any existing liability." As noted in the *Price* case, *supra,* at page 753, the union's duty of fair representation is a federal obligation judicially fashioned from national labor statutes. Clearly, then, the Railway Labor Act "imposes a new liability" within the meaning of H.R.S. § 657–11 and, therefore, this Court holds that the applicable limitation period herein is one year.

■■ The matter of when Plaintiffs' alleged cause of action accrued is determined by: 1) the date on which the last "action by the union of any consequence occurred"; and 2) "the point at which any injury to [the union member] allegedly caused by the union became fixed and reasonably certain." *Archer v. Air Line Pilots Association, International*, 609 F.2d 934 (9th Cir. 1979). Applying those tests to the instant case, it is clear that Plaintiffs' action is barred by H.R.S. § 657–11. The last action by the union was the signing of a supplemental agreement with Hawaiian in December of 1976 which memorialized in ink the probationary period about which Plaintiffs now complain. Clearly, under Plaintiffs' theory of the case that was the point when the injury became fixed and reasonably certain. Furthermore, when, as stated earlier, some of the pilots filed a grievance in March or April of 1977 relating to their seniority placement, the grievance was denied on the basis of the supplemental agreement. Clearly the new probationary, seniority and furlough terms were set in stone. It may also be said that Plaintiffs suffered further injury when they were terminated in accordance with the agreement rather than furloughed. This latter date would be September, 1977. Whichever date one may choose to use as the accrual of the cause of action, and this Court holds the December, 1976 date to be the correct date, the statute had run long before the action was filed.[5]

■ Plaintiffs also contend that where seniority rights are involved the violation is a continuing one because errors in calculat-

---

4. Plaintiffs make a half-hearted attempt to have the Court apply Section 3–1002, Code of Georgia as the appropriate Statute of Limitations. The supplemental agreement, the subject of the complaint herein, arises out of the relationship among the Defendants regarding the operation of Hawaiian in Hawaii and a successful attempt by ALPA to insure that all of the employees of Hawaiian were covered by a collective bargaining agreement in which it operates as the collective bargaining agent regardless of where they may be employed. It is

clear that the thrust of the agreement is the same as the basic agreement between the Defendants and the fact that the military airlift operation was based in Georgia was only an accident having no bearing on the applicability of Hawaii law to the contract. Hawaii is the forum state and Hawaii law should be controlling. *See Archer v. ALPA*, 609 F.2d 934 (9th Cir. 1979).

5. Plaintiffs' attempts at explaining their inaction are not at all convincing.

ing seniority repeatedly will affect Plaintiff's employment and re-employment rights and opportunities, and cite *Deboles v. TWA, Inc.*, 350 F.Supp. 1274 (E.D.Pa.1972) as authority. *Deboles*, however, does not stand for that proposition at all. In discussing the point at which the Statute of Limitations began to run, the court said, at page 1290:

> "The thrust of plaintiffs' complaint involves the Union's failure to fairly represent the plaintiffs during the negotiations preceding the collective bargaining agreement of January 28, 1970. Plaintiff additionally alleges that the Union had continually misrepresented between 1966 and 1970 that it was attempting to obtain retroactive system seniority for KSC workers but TWA was arbitrarily refusing to grant such benefits. Under these conditions of unfair representation, the statute of limitations will not begin to run until the alleged wrongdoings have been or should have been discovered by the plaintiff ..."

The ruling by the Pennsylvania court clearly is consonant with this Court's determination herein, but is not applicable on the facts. There is no allegation of misrepresentation by Defendants. In fact, the terms of the agreement were explained in January, 1977, very shortly after its execution.

Since Hawaiian's liability, if any, is derivative only, stemming from ALPA's alleged violation, any action against it accrued at the same time as any against ALPA. Therefore, the Court rules that H.R.S. § 657–11 bars this action against Hawaiian.

For the reasons stated, the Court finds Plaintiffs' action against all of the Defendants is barred by the Statute of Limitations, H.R.S. § 657–11.

*THEREFORE*, Defendants' Motion for Summary Judgment on that ground is *GRANTED* and *IT IS HEREBY ORDERED* that Judgment is entered for Defendants and the action is

*DISMISSED.*

